IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ACZEL CARDENA-SOSA**,

            Petitioner,

v.

**UNITED STATES OF AMERICA,**

            Respondent.

Civil No.:   3:16-CV-105
Criminal No.: 3:03-CR-31-10
(JUDGE GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 5, 2016, Aczel Cardena-Sosa ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Civil Action No. 3:16-CV-105, ECF No. 1; Criminal Action No. 3:03-CR-31-10, ECF No. 466.[1] On July 5, 2016, the Clerk issued a Notice of Deficient Pleading which advised the motion to vacate was not filed on court-approved forms, copies of which were provided to Petitioner.  ECF No. 470.  On July 22, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on the court-approved forms.  ECF No. 471.  On February 21, 2017, Petitioner filed a motion to amend[2] his motion to vacate.  ECF No. 479.  On June 8, 2017, Petitioner filed a memorandum in support of his motion to vacate.  ECF No. 482.

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action 3:03-CR-31-10, unless otherwise noted.

[2] The Court notes that Petitioner styled his motion to amend as, "Petitioner's Memorandum in Support of his Application and Motion Leave to File for a Permission to  Pleading Must Make a Prima Facie First or Second Successive Motion Pursuant to 28 U.S.C. § 2255's".  ECF No. 479.

1

This Court now issues this Report and Recommendation on the Petitioner's motion to vacate without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss with prejudice the Petitioner's motion.

## II. FACTUAL AND PROCEDURAL HISTORY

On October 20, 2004, Petitioner entered his plea to: (1) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, as charged in Count 8 of the second superseding indictment [ECF No. 271]; and (2) reentry of removed alien, in violation of 8 U.S.C. § 1326, as charged in Count 17 of the second superseding indictment. ECF Nos. 275, 277, 307. On May 31, 2005, the Petitioner was adjudged guilty of the crimes to which he previously entered his guilty plea, and was sentenced to a term of 444 months imprisonment on Count 8 and 240 months imprisonment on Count 17, with those sentences to run concurrently with one another, followed by five years of supervised release on Count 8 and three years on count 17, also to run concurrently with one another. ECF Nos. 309 at 4, 310 at 2 – 3. According to the Pre-Sentence Report ("PSR"), Petitioner was not sentenced under the ACCA. ECF No. 307. Nor was Petitioner sentenced as a career offender under U.S.S.G.

Rather, Petitioner's sentence for Count 8 (distribution of methamphetamine) was assessed a Base Offense Level of 38, and enhanced under U.S.S.G. § 2D1.1(b) based on his possession of a firearm during the time he committed the conspiracy, which increased by two levels his Base Offense Level. ECF No. 307 at 13 ¶ 52, 14 ¶ 53, 16 ¶¶ 65 - 66. Petitioner's sentence for Count 17 (unlawful reentry of removed alien) was assessed a Base Offense Level of 8, and enhanced under U.S.S.G. § 2L1.2(b)(1)(B),

which increased by twelve levels his Base Offense Level. ECF No. 307 at 17, ¶¶ 71 – 72. Petitioner's Adjusted Offense Level was determined to be 44, however, pursuant to U.S.S.G., Chapter 5, Application Note 2, "An offense level of more than 43 is to be treated as an offense level of 43." ECF No. 307 at 17 ¶¶ 78 – 87.

The Petitioner filed a notice of appeal on June 8, 2005 in the United States Court of Appeals for the Fourth Circuit, in that court's docket number 05-4618. ECF No. 311. By unpublished per curiam opinion issued on May 16, 2007, on the Fourth Circuit affirmed the denial of Petitioner's motion to withdraw his guilty plea, and dismissed his appeal challenging his sentence. ECF No. 358 at 3 - 4.

On June 13, 2005, during the pendency of his appeal to the Fourth Circuit, Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 313.[3] On September 25, 2005, the undersigned entered a Report and Recommendation which recommended that the Petitioner's § 2255 Motion be denied and dismissed as premature. ECF No. 332. On May 4, 2006, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. ECF No. 343.

On April 2, 2014, Petitioner filed with the Fourth Circuit a motion to file a successive habeas application. USCA 4th Cir. 14-184, ECF No. 2. By order entered on April 17, 2014, the Fourth Circuit denied the motion as unnecessary, on the basis that the first § 2255 motion filed in district court which was dismissed without prejudice as premature did "not qualify as a first § 2255 motion." USCA 4th Cir. 14-184, ECF No. 5.

On July 14, 2014, Petitioner filed his second in time Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 435.[4] On March 11, 2015, the undersigned entered a

---

[3] This motion was also docketed in 3:05-CV-58, ECF No. 1.
[4] This motion was also docketed in 3:14-CV-76, ECF No. 1.

Report and Recommendation which recommended that the Petitioner's § 2255 Motion be denied and dismissed as untimely. ECF No. 461. On May 6, 2015, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. ECF No. 463. Petitioner did not appeal.

In this third in time, but only second successive Motion to Vacate Under 28 U.S.C. § 2255, Petitioner alleges that pursuant to the decision in <u>Johnson v. United States</u>, __ U.S. __, 135 S.Ct. 2551 (2015), his sentence was unconstitutional as it was imposed pursuant to the residual clause of the Armed Career Criminal Act ("ACCA").

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

<u>Id.</u> In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. <u>Slack v. McDaniel</u>, 529 U.S. 473, 89 (2000) ("a habeas petition

filed after an initial petition was dismissed [ ] without an adjudication on the merits is not a 'second or successive' petition").

Here, it is clear that Petitioner's second in time prior habeas petition [ECF No. 435] was dismissed on the merits by order entered on May 6, 2016 [ECF No. 463]. Thus, this Court finds that the current § 2255 motion is a second or successive motion. Petitioner did not obtain authorization from the Fourth Circuit[5] to file a successive § 2255 motion following the dismissal on the merits of his prior habeas corpus petition. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition.  See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

The Court notes that Petitioner asserts that Johnson, supra, provides authority to consider his successive motion.  However, in Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g).  Petitioner's sentence was not enhanced under the ACCA.  Thus, Johnson does not apply to Petitioner's sentence.[3]  However, even if applicable, the Petitioner's pending § 2255 motion is still a second or successive petition and must be dismissed because Petitioner failed to obtain authorization from the Fourth Circuit to file a successive § 2255 motion.

---

[5]  The Court notes that in a pleading filed herein, Petitioner requests that the District Court grant him "[p]ermission to file[ ] prima facie first 2255's or Suc[c]essive Motion."  ECF No. 479 at 6.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16-cv-105, ECF No. 1; Criminal Action No. 3:03-cr-31-10, ECF Nos. 466, 471] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion. **Petitioner must first obtain authorization from the Fourth Circuit to file a successive § 2255 motion before filing such a motion with this Court.**

This Court also **RECOMMENDS** that Petitioner's Motion to Amend [ECF No. 479] be **DENIED** and that Petitioner's "Memorandum Motion Sup[p]lement in Support of His Motion for Leave to File 28 U.S.C. § 2255 Motion to Vacate, Set-Aside or Correct Sentence and Application" [ECF No. 482] be **DENIED.**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 9, 2018

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE